IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHROME SYSTEMS, INC., | § | |
| | § | No. 484, 2016 |
| Plaintiff Below, | § | |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| AUTODATA SOLUTIONS, INC., | § | C.A. No. 11808 |
| AUTODATA SOLUTIONS | § | |
| COMPANY, AUTODATA, INC. | § | |
| INTERNET BRANDS, INC., | § | |
| ROBERT N. BRISCO, SCOTT A. | § | |
| FRIEDMAN, and B. LYNN | § | |
| WALSH, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: September 28, 2016
Decided: October 26, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 26th day of October 2016, it appears to the Court that:

(1)    The plaintiff below-appellant, Chrome Systems, Inc., has petitioned this Court, under Supreme Court Rule 42, to accept an appeal from the Court of Chancery's August 29, 2016 ruling that it would only hear evidence of spoliation or litigation misconduct occurring after the litigation was filed at an evidentiary

hearing scheduled for August 31, 2016.[1] Evidence of any spoliation or misconduct that occurred before the Court of Chancery litigation commenced was to be presented to an arbitrator who was hearing, in an expedited arbitration, the plaintiff's claims that the defendants' improperly dissolved a joint venture of the parties. After the Court of Chancery's August 29, 2016 ruling, the plaintiff requested deferral of the August 31, 2016 hearing until their intended application for certification of an interlocutory appeal of the August 29, 2016 ruling was resolved.

(2) The Court of Chancery denied the plaintiff's application for certification of an interlocutory appeal in a letter opinion dated September 21, 2016.[2] Applying Rule 42, the Court of Chancery concluded that the "minor potential for efficiency gains" of an interlocutory appeal (that it would save a second hearing on pre-filing spoliation if the interlocutory appeal was successful) fell "far short of the 'substantial benefits' which would favor interlocutory appeal."[3] The Court of Chancery noted that the plaintiff could request "a rescheduled post-filing spoliation hearing, receive its expedited arbitration decision, and then with the matter final, take an appeal of all appealable issues,

---

[1] Although the Court of Chancery initially made this ruling at a March 10, 2016 hearing, it made the ruling again at an August 29, 2016 teleconference when it concluded that the plaintiff had a good faith misunderstanding of the March 10, 2016 ruling.

[2] *Chrome Systems Inc. v. Autodata Solutions, Inc.*, 2016 WL 5112061 (Del. Ch. Sept. 21, 2016)

[3] *Id.* at *2.

including whether this Court must address pre-filing spoliation under the circumstances here."[4]

(3)     Applications for interlocutory review are addressed to the sound discretion of the Court.[5]  In determining whether to accept the interlocutory appeal, this Court may consider all relevant factors, including the trial court's decision on whether to certify the appeal.[6]  We have concluded, in the exercise of our discretion, that the application for interlocutory review does not meet the requirements of Rule 42 and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

---

[4] *Id.*
[5] Supr. Ct. R. 42(d)(v).
[6] *Id.*

3